IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**JEVIS N.Y. V. VESHITE GAH,**

    *Plaintiff*,

    v.

**U.S. DEPARTMENT OF HOMELAND
SECURITY,** *et al.*,

    *Defendants*.

**Civil No.: 1:25-cv-00898-JRR**

<u>**MEMORANDUM OPINION**</u>

Pending before the court is Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (ECF No. 11; the "Motion.") The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the reasons that follow, by accompanying order, the Motion, construed as a motion to dismiss, will be granted.

## I.    <u>BACKGROUND[1]</u>

Plaintiff Jevis N.Y. V. Veshite Gah brings the instant mandamus action against the U.S. Department of Homeland Security and Arlington Asylum Office of the U.S. Citizenship and Immigration Services ("USCIS") regarding the delay in adjudicating his[2] Form I-589 Application for Asylum and Withholding of Removal. (ECF No. 1 ¶ 1; the "Complaint.") USCIS received Plaintiff's asylum application on April 6, 2023. *Id.* ¶ 7. To date, the Arlington Asylum Office has yet to schedule an interview on the application. *Id.* ¶ 8. From the date of this opinion, it has been just over 35 months since USCIS received Plaintiff's application. Plaintiff asserts claims that Defendants "have willfully and unreasonably refused to adjudicate [his] application in a timely

---

[1] For purposes of resolving the Motion, the court accepts as true all well-pled facts set forth in the Complaint. (ECF No. 1.) *See Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

[2] The parties use both she/her and he/his pronouns to describe Plaintiff. The court utilizes he/him pronouns consistent with Plaintiff's Complaint. (ECF No. 1 at p. 1 and ¶¶ 7, 9, 11, 13.)

manner," and "owe [him] a duty to adjudicate his application and have unreasonably failed to perform that duty." *Id.* ¶¶ 12, 13. He invokes the court's jurisdiction under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b) and 706(1), the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1329, and the Mandamus Act, 28 U.S.C. § 1361. *Id.* ¶ 2.

Defendants filed the instant Motion to dismiss Plaintiff's Complaint for lack jurisdiction, as well as for failure to state a claim.[3] In the alternative, Defendants move for summary judgment. (ECF No. 11.)

## II.    LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 12(b)(1)

"Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction." *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). Subject matter jurisdiction challenges may proceed as "either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" *Mayor & City Council of Balt. v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)).

In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see Ministry of Defence of State of Kuwait v. Naffa*, 105 F.4th 154, 159 (4th Cir. 2024) (same). Conversely, in a factual challenge, "the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to

---

[3] It bears mention that Plaintiff's opposition to Defendants' Motion amounts to about two and a half pages, and is devoid of citation to legal authority . In fact the only authority Plaintiff cites is the Mandamus Act, 28 U.S.C. § 1361, and the APA, 5 U.S.C. §§ 555(b), 706(1), to support his (mostly conclusory) assertion that jurisdiction is proper.

decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 650 (4th Cir. 2018) (same). "In that circumstance, the court 'may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Trump*, 416 F. Supp. 3d at 479 (quoting *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004)).

"The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *United States ex rel. Fadlalla v. DynCorp Int'l LLC*, 402 F. Supp. 3d 162, 176 (D. Md. 2019) (citing *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999)). "In determining whether jurisdiction exists, 'the court may look beyond the pleadings and the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue.'" *Id.* at 176 (quoting *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003)).

Defendants here assert a facial challenge to the court's subject matter jurisdiction. Specifically, Defendants contend that Plaintiff has not identified a clear, non-discretionary duty to permit mandamus relief or a clear requirement to adjudicate affirmative asylum applications within a certain period under the APA. (ECF No. 11-1 at pp. 12–18.) *See Lovo v. Miller*, 107 F.4th 199, 205, 216 (4th Cir. 2024) (explaining that "[c]ourts may not . . . exercise jurisdiction over an APA claim if the claim falls under an exception to the APA's judicial-review provisions," and that, like the APA, "the Mandamus Act only permits federal courts to exercise jurisdiction if an agency has a clear duty to act").

### B. Federal Rule of Civil Procedure 12(b)(6)[4]

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint." *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017), *as amended* (Jan. 20, 2017) (quoting *Papasan v. Allain*, 478 U.S. 265, 283 (1986)). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that 'the defendant is liable for the misconduct alleged.'" *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (citing *Iqbal*, 556 U.S. at 678).

A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, thereby nudging its claims across the line from conceivable to plausible." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (citation modified) (quoting *Twombly,* 550 U.S. at 555, 570). The plausibility requirement is not "a probability requirement but rather a mandate that a plaintiff 'demonstrate more than a sheer possibility that a defendant has acted unlawfully." *In re Birmingham*, 846 F.3d at 92 (quoting *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)). Reliance on "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555.

---

[4] Defendants move in the alternative for summary judgment and attach exhibits to be considered in accordance with Federal Rule of Civil Procedure 12(d), which provides that if, on a 12(b)(6) motion, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Because the court concludes dismissal is warranted without consideration of the proffered exhibits, and where discovery has not yet commenced, the court declines to convert the Motion. *See McCray v. Maryland Dep't of Transp., Maryland Transit Admin.*, 741 F.3d 480, 483 (4th Cir. 2014) (noting that "[i]n general, summary judgment should only be granted 'after adequate time for discovery'") (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)).

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court generally does not consider evidence outside of a complaint.  The court may, however, properly consider "documents integral to and relied upon in the complaint, . . . so long as the plaintiff does not question their authenticity." *Fairfax v. CBS Corp.*, 2 F.4th 286, 292 (4th Cir. 2021).  "An integral document is a document that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d. 602, 611 (D. Md. 2011) (quoting *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007)).  The court is entitled to "consider documents that are explicitly incorporated into the complaint by reference, and those attached to the complaint as exhibits" as part of the "pleading for all purposes." *Goines v. Valley Comm. Svcs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016) (first citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007); then citing FED. R. CIV. P. 10(c)); FED. R. CIV. P. 10(c) (pertaining to "written instruments" attached as exhibits to a pleading).  Finally, the court may also "properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts,'" meaning a fact "not subject to reasonable dispute because it," *inter alia*, "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015) (quoting *Philips v. Pitt Cnty. Mem'l Hosp.,* 572 F.3d 176, 180 (4th Cir. 2009)); FED. R. EVID. 201(b).  Where Defendnats offer two declarations that are neither integral to Plaintiff's Complaint nor properly considered on the Rule 12(b)(6) motion, the court declines to consider them in ruling on the instant Motion.

III.    **ANALYSIS**

Under the INA, a noncitizen present in the United States or who arrives in the United States "may apply for asylum" within one year of arriving in the United States, absent certain exceptions

not at issue here.  28 U.S.C. §§ 1158(a)(1), (a)(2)(B).  "An application may be filed affirmatively with [USCIS] or as a defensive measure during removal proceedings in immigration court." *Belay v. Donis*, 799 F. Supp. 3d 493, 497 (E.D. Va. 2025) (citing 8 C.F.R. § 208.2 regarding affirmative applications, and 8 C.F.R. § 1208.2 regarding defensive applications).  An applicant bears the burden to show a well-founded fear of persecution on the basis of "race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i).

The INA further provides that USCIS "shall," absent exceptional circumstances, commence the initial interview on an asylum application within 45 days of filing, and enter final adjudication on the asylum application within 180 days of filing.  8 U.S.C. § 1158(d)(5)(A)(ii)–(iii).  Importantly, however, the statute expressly provides that no asylum application procedures set forth in § 1158(d) "shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person."  8 U.S.C. § 1158(d)(7).

USCIS is well-known to follow a "last-in, first-out" method in processing asylum applications:

> To address a backlog of asylum cases, in 2018, USCIS announced [it] began utilizing a "Last-In, First-Out" ("LIFO") scheduling method. Pursuant to this method, applicants who were scheduled for an interview, but needed to be rescheduled at the applicant's or USCIS' request, are prioritized first; applications pending twenty-one days or less since filing are prioritized second; and all other pending applications, starting with newer filings and working back towards older filings, are prioritized third. Additionally, Asylum Office Directors may exercise discretion to adjudicate urgent cases ahead of others where exigent circumstances support expediting adjudication of a particular application.[5]

---

[5] CITIZENSHIP AND IMMIGR. SERVS. OMBUDSMAN, *Annual Report 2020* 47–48 (2020), https://www.dhs.gov/sites/

*Belay v. Donis*, 799 F. Supp. 3d 493, 498 (E.D. Va. 2025) (record citations omitted).  Relevant here, applicants for asylum may remain in the country and obtain employment authorization while their asylum applications are pending.  8 U.S.C. §§ 1158(d)(2), 1324a; 8 C.F.R. § 208.7(a)(1).

### A.  Jurisdictional Challenges

The Mandamus Act provides that district courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  To show entitlement to mandamus relief, a plaintiff "must show, among other things, that [he] has a 'clear and indisputable right to the relief sought' and that the responding party has a 'clear duty to do the specific act requested.'"  *Cumberland Cnty. Hosp. Sys., Inc. v. Burwell*, 816 F.3d 48, 52 (4th Cir. 2016) (quoting *United States ex rel. Rahman v. Oncology Assocs., P.C.,* 198 F.3d 502, 511 (4th Cir. 1999)).  Mandamus, therefore, cannot be used to compel discretionary duties of federal governmental officials, but instead only ministerial acts, *see Ngwi v. Noem*, No. TJS-25-1007, 2026 WL 456573, at *3 (D. Md. Feb. 18, 2026)—meaning where "the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment."  *Asare v. Ferro*, 999 F. Supp. 657, 659 n.6 (D. Md. 1998) (citing *Neal v. Regan,* 587 F. Supp. 1558, 1562 (N.D. Ind. 1984)); *see Meyers v. U.S. Dist. Ct. for Dist. of Maryland Baltimore Div.*, No. CV DKC-23-3015, 2024 WL 493268, at *2 (D. Md. Feb. 8, 2024) (discussing same).  "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."  *Kerr v. U. S. Dist. Ct. for N. Dist. of California*, 426 U.S. 394, 402 (1976) (citing cases).

---

default/files/publications/20_0630_cisomb-2020-annual-report-to-congress.pdf      [https://perma.cc/KH3U-JXDY]. *See United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) (noting that courts "routinely take judicial notice of information contained on state and federal government websites").

Defendants here urge that the court lacks jurisdiction to award Plaintiff relief under the Mandamus Act because there is no clear statutory duty that USCIS adjudicate Plaintiff's asylum application within a mandatory timeframe. While 8 U.S.C. § 1158(d)(5)(A)(iii) provides generally that "final administrative adjudication of [an] asylum application . . . shall be completed within 180 days after the date an application is filed," Congress, by express, unequivocal language, made plain that there is no "substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person" based on this provision. *Id.* § 1158(d)(7).[6]

On the interplay between these provisions, courts within and without this district have repeatedly found that 8 U.S.C. § 1158(d)(5)(A)(iii) does not impose a clear, non-discretionary duty on USCIS to adjudicate asylum applications within a mandatory timeframe. *See, e.g.*, *Debela v. Donis*, No. 25-CV-0234-ABA, 2026 WL 696539, at *2 (D. Md. Mar. 12, 2026); *Ngwi*, 2026 WL 456573, at *3, *Ibrahima v. Mayorkas*, No. CV GLS 24-2431, 2025 WL 2592259, at *4 (D. Md. Sept. 8, 2025); *Martynenko v. Donis*, No. 24-CV-02218-LKG, 2025 WL 1685667, at *4 (D. Md. June 16, 2025); *Tawah v. Mayorkas*, No. 8:23-CV-02920-TJS, 2024 WL 2155060, at *2 (D. Md. May 14, 2024); *Noumbissie v. Garland*, No. CV RDB-22-3357, 2023 WL 8600510, at *2 (D. Md. Nov. 1, 2023). *See also, e.g.*, *Yan v. Arlington Asylum Off. USCIS*, No. 323CV00617FDWDCK, 2023 WL 7211115, at *2 (W.D.N.C. Oct. 6, 2023), *aff'd,* No. 23-2123, 2024 WL 863661 (4th Cir. Feb. 29, 2024); *Ahmad v. U.S. Citizenship & Immigr. Servs.*, No. CV 23-3332 (ES) (CLW), 2024

---

[6] Notably, although Plaintiff bears the  burden to establish the court's subject matter jurisdiction, *see United States ex rel. Fadlalla v. DynCorp Int'l LLC*, 402 F. Supp. 3d 162, 176 (D. Md. 2019), Plaintiff does not identify this provision as a statutory source of the requisite duty.  To the contrary, Plaintiff relies upon 8 C.F.R. § 208.9(a) regarding  asylum applications following a positive credible fear determination, a circumstance not at issue here.  (ECF No. 1 ¶ 8.)

WL 3272832, at *4 (D.N.J. July 2, 2024) (citing cases).[7] This court agrees with the analysis and conclusions set forth in these cases regarding the non-existence of an actionable, clear duty.

A similar issue arises under the APA.[8] "[T]he APA does not permit judicial review of a challenge to 'agency action is committed to agency discretion by law.'" *Lovo v. Miller*, 107 F.4th 199, 210 (4th Cir. 2024) (quoting 5 U.S.C. § 701(a)(2)). "Under § 706, [a court] may only compel 'agency action' that has been 'unlawfully withheld or unreasonably delayed.'" *Gonzalez v. Cuccinelli*, 985 F.3d 357, 365 (4th Cir. 2021) (quoting 5 U.S.C. § 706(1)). A claim that agency action is unreasonably delayed "can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required* to take." *Lovo*, 107 F.4th at 210 (emphasis in original) (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004)). "But where an agency is *not required* to do something, [courts] cannot compel the agency to act—let alone to act faster." *Gonzalez*, 985 F.3d at 366 (emphasis in original).

While Congress has set forth a timeframe for adjudication of asylum applications, for the reasons set forth above, the court finds, as have others, that this timeframe does not create a clear, non-discretionary duty to act as Plaintiff demands. Accordingly, "[t]here is no mandatory statute

---

[7] The court notes that courts in this district, and others, have reached a different conclusion. *See, e.g.*, *Hasnat v. Rubio*, No. CV SAG-24-02175, 2025 WL 675221, at *3 (D. Md. Mar. 3, 2025); *Arabzada v. Donis*, 725 F. Supp. 3d 1, 11 (D.D.C. 2024); *Fang Yan v. Dir. of Los Angeles Asylum Off. for the United States Citizenship & Immigr. Servs.*, No. 222CV05846ODWMRWX, 2023 WL 4053410, at *3 (C.D. Cal. June 16, 2023). The court appreciates that use of the mandatory "shall" in § 1158(d)(5)(A)(iii) "can provide sufficient evidence of the unequivocal command required . . . to hold that an agency is compelled to act," however, a statute's words must be read "in their context and with a view to their place in the overall [regulatory] scheme." *Lovo v. Miller*, 107 F.4th 199, 213 (4th Cir. 2024) (quoting *Mohamed v. Bank of Am. N.A.*, 93 F.4th 205, 211 (4th Cir. 2024)). For these reasons and upon these considerations, the court is not persuaded that the above-discussed language supports the finding of a clear, non-discretionary duty. In any event, it ultimately bears little consequence because the court finds dismissal is warranted for Plaintiff's failure to allege a plausible claim of unreasonable delay.

[8] To the extent Petitioner contends that 5 U.S.C. § 555(b) requires Defendants take action to adjudicate his asylum application within a certain timeframe, courts in this district have repeatedly rejected that § 555(b)'s general directive constitutes a congressional command that Defendants shall take a discrete action. *See, e.g.*, *Aghamohammadi v. Rubio*, No. CV DKC 24-2801, 2025 WL 2687343, at *9 (D. Md. Sept. 19, 2025); *Sakhi v. Blinken*, No. CV DLB-24-1376, 2025 WL 904141, at *5–6 (D. Md. Mar. 25, 2025); *Ishaq v. Schofer*, No. 8:24-CV-00207-TJS, 2024 WL 3729107, at *5 (D. Md. Aug. 8, 2024).

that specifies enforcement timelines for asylum applications." *Tawah*, 2024 WL 2155060, at *3 (citing *Noumbissie*, 2023 WL 8600510, at *2); *see also Debela*, 2026 WL 696539, at *2 (same); *Ngwi*, 2026 WL 456573, at *4 (same); *Ibrahima*, 2025 WL 2592259, at *4; *Martynenko*, 2025 WL 1685667, at *4 (same).

Based on the foregoing, the court lacks jurisdiction to award Plaintiff's relief under the Mandamus Act or to review the pace of Defendants' adjudication of Plaintiff's asylum application under the APA. *See Lovo*, 107 F.4th at 205, 216, *supra*.

## B. Unreasonable Delay

In any event, even if the court were to find that Defendants have a clear, non-discretionary duty to adjudicate Plaintiff's asylum application within a certain timeframe, dismissal is warranted because Plaintiff fails to plead a plausible claim of unreasonable delay.[9]

The APA provides that an agency "within a reasonable time . . . shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). A claim brought pursuant to 5 U.S.C. § 706(1) "can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Norton v. Southern Utah Wilderness All.*, 542 U.S. 55, 64 (2004). In assessing claims of unreasonable agency delay, courts generally consider six factors or considerations, as set forth by the D.C. Circuit in *Telecommunications Research & Action Center v. F.C.C.*, 750 F.2d 70 (D.C. Cir. 1984) ("*TRAC*"):

> (1) the time agencies take to make decisions must be governed by a rule of reason;

---

[9] Because "[t]he standard by which a court reviews . . . agency inaction is the same under both § 706(1) of the APA and the Mandamus Act," *see Jahangiri v. Blinken*, No. CV DKC 23-2722, 2024 WL 1656269, at *14 (D. Md. Apr. 17, 2024) (quoting *Bagherian v. Pompeo*, 442 F. Supp. 3d 87, 96 (D.D.C. 2020)); *see also Ishaq*, 2024 WL 3729107, at *3, the court considers the sufficiency of these claims together, *see Logan v. Blinken*, No. CV 21-2275 (FYP), 2022 WL 3715798, at *4 (D.D.C. Aug. 29, 2022) (noting that "[b]ecause 'the standard for undue delay under the Mandamus Act . . . is identical to the APA standard,' the Court treats the two claims as one") (quoting *Kangarloo v. Pompeo*, 480 F. Supp. 3d 134, 142 (D.D.C. 2020)).

(2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

(4) the effect of expediting delayed action on agency activities of a higher or competing priority;

(5) the nature and extent of the interests prejudiced by delay; and

(6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Id.* at 80 (citations omitted).

While a "claim of unreasonable delay is necessarily fact dependent and thus sits uncomfortably at the motion to dismiss stage and should not typically be resolved at that stage," *Gonzalez v. Cuccinelli*, 985 F.3d 357, 375 (4th Cir. 2021), a plaintiff does not automatically "survive[] a motion to dismiss by merely alleging that a processing delay is unreasonable." *Ahmed v. U.S. Dep't of Homeland Sec.*, No. 21-CV-893 (APM), 2022 WL 424967, at *5 (D.D.C. Feb. 11, 2022). The Complaint is "still subject to the standard for pleadings under *Twombly* and *Iqbal*," and the court therefore must determine whether Plaintiff alleges facts sufficient "to state a plausible claim for unreasonable administrative delay." *Id.* (quoting *Palakuru v. Renaud*, 521 F. Supp. 3d 46, 50 (D.D.C. 2021)). As such, courts routinely consider whether a plaintiff states a claim of unreasonable delay under the APA on a motion to dismiss. *See Aghamohammadi v. Rubio*, No. CV DKC 24-2801, 2025 WL 2687343, at *11 (D. Md. Sept. 19, 2025) (citing cases). *See also, e.g., Debela v. Donis*, No. 25-CV-0234-ABA, 2026 WL 696539, at *2 (D. Md. Mar. 12, 2026); *Ngwi v. Noem*, No. TJS-25-1007, 2026 WL 456573, at *4 (D. Md. Feb. 18, 2026); *Tawah v.*

11

*Mayorkas*, No. 8:23-CV-02920-TJS, 2024 WL 2155060, at \*3 (D. Md. May 14, 2024); *Noumbissie v. Garland*, No. CV RDB-22-3357, 2023 WL 8600510, at \*3 (D. Md. Nov. 1, 2023).

### 1. TRAC *Factors One and Two*

"The first factor . . . is typically considered together with the second TRAC factor." *Arab v. Blinken*, 600 F. Supp. 3d 59, 69 (D.D.C. 2022); *see also Mokuolu v. Mayorkas*, No. CV RDB-24-817, 2024 WL 4783542, at \*6 (D. Md. Oct. 1, 2024) (noting that "[s]ome courts have deemed the first *TRAC* factor the 'most important' of the *TRAC* analysis."). In analyzing the first two *TRAC* factors, the court focuses on "whether the agency's response time complies with an existing specified schedule and whether it is governed by an identifiable rationale." *Ctr. for Sci. in the Pub. Int. v. U.S. Food & Drug Admin.*, 74 F. Supp. 3d 295, 300 (D.D.C. 2014); *see Jahangiri*, 2024 WL 1656269, at \*8 (same).

Courts in this district (and others) have repeatedly found USCIS's last-in, first-out policy constitutes a rule of reason when considered against the issues of its backlog in adjudicating pending asylum applications. *See, e.g.*, *Debela*, 2026 WL 696539, at \*2; *Ngwi*, 2026 WL 456573, at \*5; *Tawah*, 2024 WL 2155060, at \*3; *Noumbissie*, 2023 WL 8600510, at \*3. *See also, e.g.*, *Celebi v. Mayorkas*, 744 F. Supp. 3d 100, 106 (D. Mass. 2024) (citing cases); *Arabzada v. Donis*, 725 F. Supp. 3d 1, 15 (D.D.C. 2024) (citing cases); *Dawod v. Garland*, No. CV233211MWFMRWX, 2023 WL 8168832, at \*4 (C.D. Cal. Oct. 12, 2023) (citing cases); *Yueliang Zhang v. Wolf*, No. 19-CV-5370 (DLI), 2020 WL 5878255, at \*4 (E.D.N.Y. Sept. 30, 2020) (citing cases). Where Plaintiff does not allege that Defendants have deviated from their typical practice, and the record does not support such an inference, the court agrees with the cases above. The first factor favors Defendants.

12

Further, as to the second factor, as discussed above, Congress has provided a timetable in adjudicating asylum applications; however, it has also expressly made that timetable unenforceable and permitted deviation for exceptional circumstances; this court has repeatedly found the well-known backlog in asylum applications to constitute such exceptional circumstances. *See Debela*, 2026 WL 696539, at *2; *Ngwi*, 2026 WL 456573, at *5; *Tawah*, 2024 WL 2155060, at *3; *Noumbissie*, 2023 WL 8600510, at *3. Accordingly, in the court's assessment, this factor is neutral.

### 2. TRAC *Factors Three and Five*

"'The third and fifth factors are often considered together, and require the [c]ourt to consider Plaintiffs' interests, health, and welfare,' and the prejudice to those interests from delay." *Xiaobing Liu v. Blinken*, 544 F. Supp. 3d 1, 12 (D.C. Cir. 2021) (quoting *Thakker v. Renaud*, No. 20-cv-1133 (CKK), 2021 WL 1092269, at *7 (D.D.C. Mar. 22, 2021) (citation omitted)). "To evaluate those interests, courts consider a plaintiff's interests alongside those of similarly situated individuals." *Mokuolu*, 2024 WL 4783542, at *7; *see Dyvonyak v. Mayorkas*, No. 23-CV-16528, 2024 WL 3520058, at *3 (N.D. Ill. July 24, 2024) (same). Plaintiff here does not allege cognizable prejudice to his health and welfare resulting from the delay. Although he asserts in opposition that he experiences resultant "uncertainty, mental distress, and limited progress in [his] immigration journey,"[10] *see* ECF No. 13 at pp. 2–3, "Plaintiff's asserted difficulties are no different than those 'likewise faced by all asylum applications in similar positions.'" *Belay v. Donis*, 799 F. Supp. 3d 493, 506 (E.D. Va. 2025) (quoting *Su v. Mayorkas*, 698 F. Supp. 3d 1168, 1178 (N.D. Cal. 2023)).

---

[10] The court also notes Plaintiff has raised these allegations for the first time in his opposition to the Motion; they are not set forth in his Complaint. Plaintiff may not amend his pleading by response to a motion to dismiss. *See, e.g., Nat'l Ass'n for Advancement of Colored People v. Bureau of Census*, 382 F. Supp. 3d 349, 377 n.17 (D. Md. 2019) (noting that an opposition to a motion to dismiss "is not a vehicle for amending a complaint"); *Whitten v. Apria Healthcare Grp., Inc.*, No. PWG-14-CV-3193, 2015 WL 2227928, at *6 (D. Md. May 11, 2015) (explaining that it is "axiomatic" that a complaint may not be amended by briefs in opposition).

And, importantly, as far as the court can discern and based on the relevant statutory and regulatory framework, Petitioner remains in this country with authorization to work while his asylum application is pending.[11]  *See Debela*, 2026 WL 696539, at \*2; *Ngwi*, 2026 WL 456573, at \*5; *Tawah*, 2024 WL 2155060, at \*3; *Noumbissie*, 2023 WL 8600510, at \*3.

These factors therefore weigh in favor of Defendants.

### 3.  TRAC *Factor Four*

The fourth *TRAC* factor considers "the effect of expediting delayed action on agency activities of a higher or competing priority." *TRAC*, 750 F.2d at 80.  "Courts often find this factor to 'carr[y] the greatest weight' and have 'refused to grant relief, even [though] all the other factors considered in *TRAC* favored it, where a judicial order putting [the petitioner] at the head of the queue [would] simply move[ ] all others back one space and produce[ ] no net gain.'" *Jahangiri*, 2024 WL 1656269, at \*11 (quoting *Milligan v. Pompeo*, 502 F. Supp. 3d 302, 319 (D.D.C. 2020)). Plaintiff does not allege that his application has been treated differently than the applications of others similarly situated, or that USCIS deviated from its typical process, as set forth above. USCIS has developed a rule of reason to manage its backlog, and to order Plaintiff's requested relief would order USCIS "to reprioritize its backlogged caseload, which includes competing priorities of credible fear and reasonable fear cases at the border, as well as cases involving unaccompanied alien children." *Noumbissie*, 2023 WL 8600510, at \*3; *see Debela*, 2026 WL 696539, at \*2 (same); *Ngwi*, 2026 WL 456573, at \*5 (same).  "If this Court were to grant [Plaintiff] the relief [he] requests, it would 'necessarily come at the expense of other similarly situated applicants." *Arabzada*, 725 F. Supp. 3d at 17 (D.D.C. 2024) (quoting *Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 344 (D.C. Cir. 2023)).

---

[11] Plaintiff has not, either by allegation or argument, presented otherwise to the court.

Such a request is particularly troublesome in view of the Fourth Circuit's recognition that "courts should be loath to second guess" how USCIS balances "the need for adequate protections for asylum seekers against a backlog of cases." *Belay*, 799 F. Supp. 3d at 506 (quoting *Blanco de Belbruno v. Ashcroft*, 362 F.3d 272, 280 (4th Cir. 2004)); *see Gebremedhin v. Gentry*, No. 1:24-CV-1636, 2025 WL 1139115, at *4 (E.D. Va. Apr. 17, 2025) (discussing same).

This factor weighs in favor of Defendants.

### 4. TRAC *Factor Six*

The sixth factor "reminds courts that they 'need not find any impropriety . . . to hold that agency action is unreasonably delayed.'" *Meyou v. U.S. Dep't of State*, No. 21-2806, 2022 WL 1556344, at *5 (D.D.C. May 17, 2022) (quoting *TRAC*, 750 F.2d at 80). Plaintiff does not allege Defendants have acted in bad faith. Accordingly, factor six is neutral. *See, e.g.*, *Belay*, 799 F. Supp. 3d at 507; *Gebremedhin*, 2025 WL 1139115, at *4.

### 5. Weighing the TRAC *Factors*

In view of the foregoing analysis of the *TRAC* factors, especially factors one and four, the court concludes that Plaintiff fails to state a plausible claim of unreasonable delay. This conclusion is consistent with other courts' findings that delays of three to four years are not unreasonable. *See, e.g.*, *Arabzada*, 725 F. Supp. 3d at 18 (regarding delay of over three years); *Debela*, 2026 WL 696539, at *2 (regarding delay of slightly less than four years); *Tawah*, 2024 WL 2155060, at *1 (regarding delay between three and four years); *Noumbissie*, 2023 WL 8600510, at *1 (regarding delay of over three years); *Yahya*, 2021 WL 798873, at *1 (regarding delay of just over fourth years).

The court will therefore grant the Motion and dismiss Plaintiffs' Complaint.

IV.     **CONCLUSION**

For the reasons set forth herein, by separate order, Defendants' Motion (ECF No. 11), construed as a motion to dismiss, will be granted.


Date: March 18, 2026                                        /S/

_____
Julie R. Rubin
United States District Judge

16